UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STACI HARRINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:16-cv-00129-JMS-MJD |
| | ) |
| NANCY BERRYHILL,[1] *Acting* | ) |
| *Commissioner of the Social Security* | ) |
| *Administration*, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING PETITION FOR ATTORNEYS' FEES

Plaintiff Staci Harrington moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [Filing No. 28.] Ms. Harrington claims that she has satisfied all the elements required under the EAJA: she was the prevailing party, the Government's position was not substantially justified, and no special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). [Filing No. 29 at 2-3.] According to Ms. Harrington, her counsel devoted a total of 71[2] hours to this litigation, which she claims is a reasonable number of hours, and charged a reasonable hourly rate of $190.00. [Filing No. 29 at 3.] The total amount of attorneys' fees that she requests is $13,490.00. [Filing No. 33 at 9.] In response, the Commissioner challenges Ms. Harrington's fee request, claiming the number of

---

[1] The Court has substituted Nancy Berryhill as the proper Defendant in this action, given that she became the Acting Commissioner of the Social Security Administration on January 23, 2017. *See* "Meet Our New Acting Commissioner," Social Security Administration Blog, *available at* http://blog.ssa.gov/meet-our-new-acting-commissioner/ (last visited June 7, 2017).

[2] This figure includes the number of hours Ms. Harrington's counsel spent on the opening brief (2.1 hours) and reply brief (4.8 hours) for the petition seeking attorneys' fees. [*See* Filing No. 29 at 8; Filing No. 33 at 9.]

1

hours she requests is unreasonable and that she requests an enhanced hourly rate. [Filing No. 32 at 1.] The Court will address the issues that the parties dispute.

### A. Hourly Rate

Ms. Harrington requests an hourly rate of $190.00 per hour. [Filing No. 29 at 7.] She argues that since there is no Consumer Price Index ("CPI") for Indianapolis, she looked to other similar markets and noted that the Midwest urban market is $182.07, the Chicago market is $183.41, and the National market is $193.18. [Filing No. 28-2; Filing No. 29 at 6.] She claims that the National market CPI is the most relevant to her case. [Filing No. 29 at 6.] Ms. Harrington asserts that she provided a sworn affidavit regarding the prevailing market rate from Andrew P. Sheff, an attorney with 38 years of experience representing similar claimants, who claims that an hourly rate of $190.00 is reasonable in the Indianapolis market. [Filing No. 28-3; Filing No. 29 at 6-7.] She also claims that her counsel received approval for the hourly rate of $190.00 in another disability case. [Filing No. 29 at 7.]

In response, the Commissioner argues that the Court should reduce the requested hourly rate. [Filing No. 32 at 4.] The Commissioner argues that the CPI for the Midwest urban market results in an hourly rate of $182.07. [Filing No. 32 at 5.] The Commissioner concedes, however, that it is appropriate to apply the rate of inflation for the region in which the litigation took place. [Filing No. 32 at 5.]

In reply, Ms. Harrington reiterates many of the same arguments she made in her opening brief. [Filing No. 33 at 2-4.] She claims that the fee that she seeks is consistent with other district court decisions in this Circuit, that the National market CPI rate provides a more accurate calculation, and that the Commissioner's blind reliance on the Midwest urban market CPI is not warranted. [Filing No. 33 at 3-4.]

2

The EAJA allows a prevailing party, other than the United States, to receive attorneys' fees for work performed in proceedings for judicial review of agency action, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "Courts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed." *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). "[G]eneral measures like the CPI will provide a reasonably accurate measure of the need for an inflation adjustment in most cases." *Id.* "[C]laimants must produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Id.* at 428. While a single sworn statement from a claimant's attorney that sets forth the prevailing market rate can be sufficient evidence in some cases, to avoid the possibility of a windfall, "courts may not award an inflation-adjusted rate that is higher than the prevailing market rate in the community for comparable legal services." *Id.* at 429.

Ms. Harrington claims that the National market is the most relevant here, and includes a sworn affidavit from Andrew P. Sheff, in which he points out that the $190.00 hourly rate is reasonable for the Indianapolis market. The Court disagrees. The Midwest urban market most accurately reflects the prevailing market rate of the legal community, and, as the Commissioner concedes, it should include the rate of inflation. Other district courts have agreed with this conclusion, and evaluated other factors to justify this reasoning. *See Pollard v. Colvin*, 2015 WL 846425, at *3 (S.D. Ind. 2015) (finding that plaintiff used the Midwest urban market CPI and also

3

"attached several charts displaying the standard hourly billing rates for attorneys in the Indianapolis-Carmel, Indiana statistical area, which show that even an attorney with less than two years of legal experience who charges in the lower quartile in 2009 charged at a rate of $185.00 per hour . . . . [This demonstrates that] the requested rate of $185.62 does not exceed the prevailing market rate."); *Jones v. Berryhill*, No. 1:16-cv-00948-SEB-MJD, Filing No. 24 at 4-5 ("Plaintiff asserts that [the hourly rate of $184.75 for 2015 was] below the market rate for the same kind and quality of legal services as performed in this case, supporting this claim by citing a survey showing the lowest quartile standard hourly rate for an attorney with less than two years of experience in the Indianapolis area was $185/hour. As the attorney in this matter has more than 20 years of experience, the Court finds it is reasonable to assert the requested hourly rate for work on this case.")

In order to incorporate the rate of inflation using the Midwest urban CPI,[3] the Court applies the following formula: the March 1996 CPI value (151.7)[4] is subtracted from the annual 2016 CPI value for the Midwest urban market (226.115);[5] that figure is then divided by the March 1996 CPI value (151.7), which calculates the percentage increase in the cost of living (49.05%). The percentage increase in the cost of living is then multiplied by the statutory rate of $125.00, and that figure is then added to $125.00 to determine the statutory rate that incorporates the rate of

---

[3] The Court retrieved the Midwest urban CPI data from the Bureau of Labor Statistics' website, https://www.bls.gov/data/#prices.

[4] Ms. Harrington mistakenly stated that the March 1996 CPI value of the Midwest urban market was 155.7, and the Commissioner failed to point out this mistake. [*See* Filing No. 28-2 at 1.]

[5] While Ms. Harrington claims that the Court should apply the CPI value for July 2016 because the bulk of her work was done that month, the Court finds that the annual CPI value for 2016 most accurately reflects the value that should be used in the calculation, given that Ms. Harrington's summary of the hours demonstrates that she performed work as early as April and as late as December of that year. [*See* Filing No. 28-1 at 1-2.]

inflation. The statutory rate for 2016, factoring in inflation, is $186.31. To determine the calculation for Ms. Harrington's counsel's work done in 2017, the Court uses the same formula and substitutes the annual value of 2016 – 226.115 – with the April 2017 value of 229.682, since more hours were spent working on the attorneys' fees petition during that month. The 2017 hourly rate comes to $189.26. Accordingly, the Court concludes that the hourly rate for 2016 is $186.31, and for 2017 is $189.26.

### B. Number of Hours

Ms. Harrington claims that her counsel[6] spent a total of 64.1 hours (not including the hours spent on attorneys' fees petition) pursuing this civil action, and provides an exhibit that reflects the summary of the hours worked. [Filing No. 28-1; Filing No. 29 at 7.] Ms. Harrington claims that her counsel addressed several complex arguments, which involved four main arguments and multiple subparts at nearly all of the five steps of the sequential evaluation process. [Filing No. 29 at 7-8.] Ms. Harrington also claims that her counsel submitted an oversized brief as a result of the complexity of the case, and that they spent an additional 2.1 hours filing this petition for fees. [Filing No. 29 at 8.]

In response, the Commissioner argues that the number of hours that Ms. Harrington's counsel request are excessive. [Filing No. 32 at 2.] The Commissioner argues that the legal issues are not complex or novel, but instead are commonly litigated in Social Security cases, and that the case had an "average size record." [Filing No. 32 at 3.] The Commissioner contends that the two attorneys spent 40.8 hours preparing an opening brief for the Social Security appeal and 20.5 hours preparing a reply brief, and that out of that time, counsel spent 9.9 hours revising the opening brief,

---

[6] Ms. Harrington was represented by two attorneys from the same law firm in this matter, although one performed most of the legal services, including drafting the briefs.

5

and 5.5 hours revising the draft reply brief. [Filing No. 32 at 3.] The Commissioner contends that given this, the Court should reduce the total hours by at least 15 hours. [Filing No. 32 at 3.] In addition, the Commissioner claims that the hours that Ms. Harrington seeks are "outside the range of acceptable fee awards in Social Security cases." [Filing No. 32 at 3.]

In reply, Ms. Harrington claims that her counsel devoted a reasonable number of hours to working on this case, and that their request "does not even reflect the full amount of hours actually incurred by the firm on the underlying litigation." [Filing No. 33 at 5.] Ms. Harrington argues that her counsel obtained excellent results and that the Administrative Law Judge's ("ALJ") errors were numerous and pervasive. [Filing No. 33 at 5.] She further claims that the Commissioner seeks an "arbitrary reduction of 15 hours" and that she has not demonstrated that the number of hours spent by the briefing was unreasonable. [Filing No. 33 at 6.] She cites to case law that she claims supports her position, and argues that the case law that the Commissioner relies on is unpersuasive. [Filing No. 33 at 6-7.] Ms. Harrington claims that the size of the record does not equate to the complexity of the legal issues, and that her counsel were not familiar with her case since they did not represent her at the administrative level. [Filing No. 33 at 8.] She also claims that the issues require "a keen eye for detail in culling the facts and analyzing them in the context of the appropriate regulatory framework," and reiterates that counsel had to submit an oversized brief because of the number of errors that the ALJ committed. [Filing No. 33 at 8.]

The party seeking a fee award has the burden of showing that the fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court should exclude from the fee calculation "hours that were not 'reasonably expended,'" such that the "hours that are excessive, redundant, or otherwise unnecessary" are excluded. *Id*. at 434. "[T]he district court has discretion in determining the amount of a fee award." *Id*. at 437.

6

First, the Court accepts the proposition that because Ms. Harrington's counsel did not represent her at the administrative level, they had to familiarize themselves with the record by the time of the appeal at the District Court. The Court acknowledges that reviewing and understanding the record takes time to properly identify whether and to what extent the ALJ committed errors during any part of the five-step sequential evaluation process. The Court also notes that Ms. Harrington's opening brief identified four main arguments with multiple subparts addressing errors at nearly all five steps of the analysis. This, however, still does not justify the hours that Ms. Harrington requests.

The Court notes that the record is only 694 pages long, and 487 of those pages consist of medical records. Some of the records include medical records from 2011, 2012, and early 2013, prior to Ms. Harrington's onset disability. Ms. Harrington claims – and the Court agrees – that the size of the record does not take away from the complexity of the case. Nor does a large record necessarily justify a large fee award. The Court is not persuaded, however, that the amount of hours Ms. Harrington requests in this case is reasonable given the factors noted above. Of particular concern is the amount of time that Ms. Harrington's counsel spent revising the opening and reply briefs of the appeal. Given Ms. Harrington's counsel's claim that she is expert in this type of case, the Court expects less need for revision. Moreover, the cases that Ms. Harrington cites to demonstrate that it was reasonable to award attorneys' fees for time that did not exceed 65 hours with a record of similar size. *See Hochgesang v. Colvin*, 2015 WL 7288628 (S.D. Ind. 2015) (finding that 59.1 hours (including the brief and reply of the EAJA petition) was reasonable; the record consisted of 547 pages); *Townsend v. Colvin*, 2014 WL 6617641 (N.D. Ind. 2014); *Kinsey-McHenry v. Colvin*, 2014 WL 1643455 (N.D. Ind. 2014); *Taloff v. Colvin*, 2014 WL 868040 (N.D. Ill. 2014); *Wirth v. Barnhart*, 325 F. Supp. 2d 911, (E.D. Wis. 2004). Reducing 7.5 hours from

the requested time of 71 hours comes to a total of 63.5[7] hours of attorney time on this case, which is still above the range of hours that are usually awarded in similar cases. See *Schulten v. Astrue*, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (collecting cases) (holding that 40-60 hours falls within the "permissible range for cases like this . . . .").

C.  **Conclusion**

For the reasons stated above, Ms. Harrington's Petition for Attorney Fees under the Equal Access to Justice Act is **GRANTED IN PART**, [Filing No. 28], to the extent that Ms. Harrington's counsel are entitled to reasonable attorneys' fees of $10,545.15 ($186.31 x 56.6) for 2016 and $1,305.89 ($189.26 x 6.9) for 2017, which comes to a total of $11,851.04.

Date: 6/9/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

---

[7] To clarify, the Court reduces the hours from work performed in 2016, not 2017, which is an important distinction when calculating the total amount of attorneys' fees awarded.